**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee Pittman Mitchell,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>National Security Agency; et al.,<br><br>　　　　Defendants. | No. CV 09-1659-PHX-JAT<br><br>**ORDER** |

**Motions for Injunctive Relief**

Plaintiff seeks a temporary restraining order against the Drug Enforcement Agency ("DEA") to stop the "painful abuse" she "lives with daily." Doc. #46 at 5. In her motion, Plaintiff claims, for example, that agents of the DEA speak to her in the "background" of her cell phone to psychologically terrorize her. *Id.* She also claims the DEA uses satellite technology to deliver harassing messages directly into her brain. *Id.* at 3.

To prevail on an temporary restraining order, Plaintiff must show that she is likely to succeed on the merits, she is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in her favor, and an injunction is in the public interest. *American Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Here, Plaintiff has not shown she is likely to success on the merits. Plaintiff's claims in both her complaint and in her motion for temporary restraining order are the kind that courts have dismissed as "essentially fictitious" because they involve, "bizarre conspiracy

theories, [or] fantastic government manipulations of [plaintiff's] mind or will... ." *See Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). Because Plaintiff's claims are in this category, Plaintiff cannot show a likelihood of success on the merits and therefore her request for a temporary restraining order will be denied. Further, because her motions for the DEA to cease and desist are similar in nature, they will also be denied.

**Motion to Amend Complaint**

Also pending is Plaintiff's motion to amend the complaint. Local Rule Civil 15.1(a) requires a party to attach the proposed amended complaint to any motion to amend. Plaintiff failed to comply with this rule. Therefore, her motion to amend will be denied.

**Motion to Appoint Counsel**

Also pending is Plaintiff's motion to appoint counsel. There is no constitutional right to appointment of counsel in a civil case. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to allow litigants to proceed *in forma pauperis* and to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). In order to determine whether exceptional circumstances exist, the Court evaluates the petitioner's "'likelihood of success on the merits [and] the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Richard v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Wilborn*, 789 F.2d at 1331. Neither factor is determinative, and the Court must consider both factors before reaching a decision on a request for appointment of counsel. *See Wilborn*, 789 F.2d at 1331.

As the Court has already discussed above, Plaintiff shows little likelihood of success on the merits. Additionally, the Court does not find civil rights cases such as this one to be so complex as to justify the appointment of counsel. Therefore, Plaintiff's motion for appointment of counsel will be denied.

**Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motions for injunctive relief (Docs. ## 5, 6, and 46) are all denied;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (Doc. #45) is denied;

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. #31) is denied; and

**IT IS FURTHER ORDERED** that Plaintiff is cautioned that she must timely respond to the pending motions to dismiss or the Court may deem her failure to respond to be consent to the motions being granted. Local Rule Civil 7.1(i).

DATED this 22nd day of October, 2009.

_____
James A. Teilborg
United States District Judge