**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee Pittman Mitchell, | No. CV 09-1659-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| National Security Agency; et al., | |
| Defendants. | |

On October 23, 2009, this Court denied Plaintiff's various requests for equitable relief. On October 26, 2009, Plaintiff again moved for equitable relief. For the reasons stated in the October 23, 2009 order, that request is denied.

In this case, Plaintiff sued at least 10 Defendants.[1] Of the identifiable Defendants, six have moved to dismiss. It is unclear whether the rest have been properly served. Among the motions to dismiss is the Department of Justice, Department of Homeland Security and National Security Agency's ("United States Defendants") motion to dismiss for lack of subject matter jurisdiction. Doc. #43. The Court will consider the jurisdictional motion first. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir.

---

[1] Plaintiff included a class of defendants of "unknown parties" including officials at NSA/CSS, Department of Homeland Security, FBI, DEA and local police departments.

2003) ("inquiring whether the court has jurisdiction is a federal judge's first duty in every case.").

The United States Defendants move to dismiss for lack of subject matter jurisdiction based on the substantiality doctrine. Under the substantiality doctrine, a federal court lacks jurisdiction over claims that are so insubstantial that they are devoid of merit, or if the claims are obviously frivolous. *See generally Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974), *superceded by statute on other grounds as recognized in Page v. Bartels*, 248 F.3d 175 (3rd Cir. 2001). In other words, "[U]nder the substantiality doctrine, the district court lacks jurisdiction when the question presented is too insubstantial to consider." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985). Further, as the United States Defendants noted, because they are raising a factual attack to jurisdiction, Plaintiff, as the party invoking this Court's jurisdiction, must present evidence establishing subject matter jurisdiction. *Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Further, this Court does not have to presume Plaintiff's allegations to be true and can resolve factual disputes. *Id.*

On October 23, 2009, this Court warned Plaintiff that if she did not respond to the motions to dismiss, the Court would treat her failure to respond to be consent to the motions being granted. On October 26, 2009, Plaintiff filed a document titled "response" to motion to dismiss, which the Court has treated as a response to all the motions to dismiss.

Plaintiff's response cites no cases and no statutes. It attaches no evidence. Instead, it continues Plaintiff's diary-like account of what she believes in happening in her life. For example, she states, "There is nothing written to the Court that that [*sic*] is not view [*sic*] beforehand by [Defendants'] use of the technology inside my residence as I type Court documents on my laptop for submission to the Court. The scales of justice are not titled in my favor as a result of [Defendants'] previous viewing of all legal documents as they are typed as these individuals blatantly disregard of [*sic*] my rights." Doc. #51 at 5. These allegations appear to be a continuation of Plaintiff's allegations that some government agency is using satellite or other technology to monitor Plaintiff in her home, and on her

phone, and to speak directly into her mind. Doc. #46 at 3-5. In her response, Plaintiff continues that, "I stand by the fact that the Discovery process will reveal the dominant theme of my complaint which is based on the personal intrusiveness and approved use of the technology as directed at me." Doc. #51 at 4.

The Court agrees with the United States Defendants that the claims in the complaint, as continued in the request for injunctive relief (Doc. #46) and the response to the motion to dismiss (Doc. #51) are wholly insubstantial. *See Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (claims are patently insubstantial if they are basically fictitious; for example, claims of bizarre conspiracy theories, fantastic government manipulations of the plaintiff's mind or will, or any type of supernatural intervention.). Because the Court finds the entire complaint in this case to be insubstantial, the Court will dismiss this entire case, for lack of subject matter jurisdiction. *See Cook*, 775 F.2d at 1035.[2] Further, as to all other Defendants, the Court will also dismiss the case, regardless of whether they have been served or moved to dismiss on this basis, because the legal result as to all Defendants would be the same. *See Abigninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 743 (9th Cir. 2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").[3]

Therefore,

**IT IS ORDERED** that the motion for temporary restraining order (Doc. #51) is denied.

---

[2] Because the Court is dismissing the entire complaint based on the substantiality doctrine, the Court has not considered the United States Defendants' alternative arguments for dismissal such as immunity and failure to exhaust administrative remedies.

[3] Additionally, because this dismissal is for lack of subject matter jurisdiction, and not failure to state a claim, the Court will not grant Plaintiff leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (stating district court must give leave to amend once under Federal Rule of Civil Procedure 15(a) if dismissal is for failure to state a claim, unless amendment could not cure the deficiency).

**IT IS FURTHER ORDERED** that the motion to dismiss (Doc. #43) is granted and this case is dismissed, with prejudice, for lack of subject matter jurisdiction under the substantiality doctrine as to all Defendants, and the Clerk of the Court shall enter judgment accordingly (all remaining motions to dismiss are denied as moot).

DATED this 18th day of December, 2009.

James A. Teilborg
United States District Judge